**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JENIFFER P.J.C.,

Petitioner,

v.

TODD BLANCHE, *United States Attorney General*; DAREN K. MARGOLIN, *Director, Executive Office for Immigration Review*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; ERIC KLANG, *Sheriff, Crow Wing County*,

Respondents.

Civil No. 26-3654 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

David L. Wilson and Gabriela S. Anderson, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Petitioner.

David W. Fuller and Derek Granzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

After being arrested by the Bloomington Police Department, Petitioner Jeniffer P.J.C. was taken into custody by U.S. Immigration and Customs Enforcement (ICE) officers. She has filed a Verified Petition for Writ of Habeas Corpus, alleging that her arrest and continued detention by ICE are unlawful. Because the Court concludes that Petitioner's

continued detention without bond violates her due process rights, the Court will grant the petition in part and order that Petitioner receive an individualized bond hearing.

**BACKGROUND**

Petitioner is a citizen of Colombia who entered the United States without inspection in 2024. (Decl. of Benjamin Northwood ("Northwood Decl.") ¶ 4, Aug. 21, 2026, Docket No. 6.) On May 10, 2024, Customs and Border Patrol initiated removal proceedings against Petitioner by issuing her a Notice to Appear. (*Id.* ¶¶ 5, 11, Ex. 3.)

On or about July 24, 2026, Petitioner was arrested by Bloomington police officers. (*Id.* ¶ 6.) Respondents' declaration states that on that same day, ICE issued an I-200 administrative warrant, arrested Petitioner at the Bloomington Police Department, and served Petitioner with the warrant. (*Id.* ¶ 7–8, 11, Ex. 2 (I-200 Warrant).) Petitioner's habeas petition states that "[o]n information and belief, Petitioner was not provided with a warrant for her arrest by Respondents." (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 35, Aug. 17, 2026, Docket No. 1.) Petitioner was transported to the Whipple Federal Building, then to Sherburne County Jail, and she is now detained at Crow Wing County Jail. (Northwood Decl. ¶¶ 8–10.)

Petitioner alleges that her detention absent some hearing or venue in which Petitioner might challenge that detention, violates the Fifth Amendment's Due Process Clause (Pet. ¶¶ 71-76), her warrantless arrest violates the Fourth Amendment of the United States Constitution (*id.* ¶¶ 77–87), and that her arrest and Respondents' failure to

comply with federal regulations is a violation of the Administrative Procedure Act (*id.* ¶¶ 98–104).

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Respondents' asserted basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention for "applicant[s] for admission" into the United States. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding that an individual who, like the Petitioner in this case, was already present in the United States, was nevertheless an "applicant for admission" and is subject to mandatory detention under § 1225(b)(2)(A)). In responding to Petitioner's procedural due process claim, Respondents argue that the Constitution does not entitle Petitioner to any additional procedural protections beyond those granted under the statute, and that § 1225(b)(2)(A) expressly authorizes Petitioner's detention without the opportunity to post bond.

For the reasons set forth in *Axel J.M.C., v. Stanski*, Civ. No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026), the Court concludes that the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), applies to Petitioner's due process claim. And here, as in *Axel*, Petitioner's liberty interest is significant, the risk of erroneous deprivation

of Petitioner's liberty is high, and the burden the Government would bear in providing an individualized bond hearing is low.

Accordingly, the Court concludes that Petitioner's due process claim under the Fifth Amendment prevails, and the habeas petition is granted to the extent Petitioner seeks a bond hearing.[1] If Respondents are unable to hold a bond hearing within 7 days of this order, the Court will direct that the Petitioner be released.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jeniffer P.J.C.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1. Respondents shall provide Petitioner with an individualized bond hearing within seven days of this order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.

2. If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention. **A proceeding in which bond is denied by the immigration judge for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond**

[1] Because the Court concludes that Petitioner prevails on this claim, it will not address Petitioner's remaining claims.

**hearing in compliance with this Order, and in such case, the Court will order release from custody**.

3. The parties shall provide the Court with a status update concerning Petitioner's status by **no later than 12:00 p.m. on September 4, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: August 28, 2026
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge